HARDY, Judge.
This action was instituted by plaintiff claiming workman’s compensation for total and permanent disability. Named as defendants are H. M. Carpenter and Continental Can Company, Inc. Before trial had been fully completed plaintiff died as the result of the injuries sustained in the course of his employment, and his widow and heirs have been properly and legally substituted as parties plaintiff. Judgment was rendered in favor of plaintiffs and against the defendant, Carpenter, and there was further judgment in favor of the defendant, Continental Can Company, rejecting plaintiffs’ demands and dismissing their *722 claims. Plaintiffs have appealed from that portion of the judgment rejecting their demands against the defendant, Continental Can Company. Orders of devolutive appeal were granted the defendant, Carpenter, but he failed to perfect such appeal, though he has filed a purported answer to plaintiffs’ appeal in this court. Inasmuch as plaintiffs did not appeal from the judgment against Carpenter, the said defendant has no standing before this court as appellee which would support the filing of an answer to the appeal. It is therefore evident that the judgment against Carpenter is not before this court.
The defense of Continental Can Company is based upon the contention that its relationship with Carpenter was that of vendor of timber which it owned and which it sold by contract to Carpenter; that it exercised no control nor supervision over the logging of the timber by Carpenter, his employees or associates, and that at all times the relationship of buyer and seller existed. Plaintiffs’ claims are predicated upon the contention that decedent was an employee of Carpenter and that he occupied the status of an employee of Continental Can Company because of the supervision and control which said company exercised over the logging of its timber.
We pretermit consideration and discussion of subordinate contentions that decedent was engaged in a partnership or joint venture with the defendant, Carpenter, inasmuch as there is not the slightest justification for such a conclusion evidenced by the record before us. We think, as did the district judge, that there can be no question as to the conclusion that decedent was an employee of the defendant, Carpenter.
Counsel for plaintiff strenuously argues that the agreement between Continental Can Company and Carpenter did not constitute an outright sale; that Continental retained the right of supervision and control over Carpenter’s operations; and that the issue here presented falls, under the principle enunciated by this court in Hatten v. Olin Mathieson Chemical Corp., 112 So.2d 135 (writs denied).
It is first to be observed that the sale of timber allegedly made by Continental to Carpenter is evidened by a written contract between the parties dated August 31, 1947, and our examination of this agreement leaves no doubt in our minds as to the conclusion that it represented a bona fide contract of sale between the parties.
While it is true that the right of supervision and control is a factor for consideration in determining the relationship of parties involved, we do not find any indication either of a reservation of these rights under the terms of the sale agreement or any intent on the part of this defendant to exercise such rights. The facts in this connection show conclusively that Continental Can Company was the owner of a tract of land bordering on Saline Lake in Winn Parish, and that the construction of a new dam and spillway resulted in raising the water level of the lake by some three feet, which would cause an overflow of a portion of Continental’s holdings not previously subject to such condition. It is further established that Continental made a number of sales of timber in this affected area for the clear purpose of salvaging as much of said timber as might be possible. The sale to Carpenter was based upon a stipulated price per stick for tie timber. Under these facts, there is not the slightest indication that the logging operations were designed for any purpose which would directly serve the interests of Continental Can Company in the conduct of its paper manufacturing activities. There was no program of reforestation which was present in the Hatten case, nor was there any other objective which would connect the operations in which the decedent was engaged with the business of Continental Can Company.
We think it is conclusively established that Continental’s only interest in connection with the timber operations, in which decedent was engaged, was restricted com *723 pletely and entirely to its interest as vendor of timber, and under this finding it follows that plaintiff’s claims against the said named defendant must fail.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.